UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

ORDER

* * * * * * * * * * * * * * * * * * *

United States of America,

Plaintiff,

vs.

Jason Patrick Nyberg,

Defendant. Crim. No. 00-73 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

United States of America,

Plaintiff,

vs.

Jason Patrick Nyberg,

Defendant. Crim. No. 03-287 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge upon the conduct of a Detention Hearing, see, Title 18 U.S.C. §3142(f), and a Preliminary Revocation Hearing.[1] See, Rule 32.1, Federal Rules of Criminal Procedure. At the time of these proceedings, the Defendant appeared personally, and by Andrea K. George, Assistant Federal Defender, and the Government appeared by David J. MacLaughlin, Assistant United States Attorney. For reasons which follow, we grant the Government's informal Motion for Pretrial Detention, and commit the Defendant to the custody of the United States Marshal pending future Court proceedings.

## II. Factual and Procedural Background

On April 6, 2000, the Defendant entered a guilty plea to Bank Robbery, in violation of Title 18 U.S.C. §2113(a), and he was sentenced, on June 23, 2000, to fifty-one (51) months imprisonment, to be followed by three (3) years of Supervised

[1]At the commencement of the Hearing, the Defendant waived his right to the conduct of a Preliminary Revocation Hearing. Upon questioning from the Court, we concluded that the waiver was knowing, intelligent, and voluntary. Accordingly, the parties are directed to promptly contact the District Court in order to schedule a Final Revocation Hearing.

Release. On December 2, 2004, the Defendant was released from custody, and the term of Supervised Release began.

Previously, on June 16, 2003, and while he was in custody, the Defendant knowingly escaped from the Bethel Work Release Center, in Duluth, Minnesota, in violation of Title 18 U.S.C. §751(a). On November 23, 2004, the Defendant entered a plea of guilty to Escape, and he was sentenced to the custody of the Bureau of Prisons for a term of twelve (12) months and one (1) day, to be followed by two (2) years of Supervised Release. Apparently, the terms of Supervised Release were to be served concurrently.

While on Supervised Release, the Defendant had grave difficulty in abstaining from the consumption of illicit drugs. On December 15, 2004, January 12, and 21, 2005, the Defendant submitted urine samples which proved positive for marijuana. As a sanction, the Defendant agreed to sixty (60) days of electronic home monitoring, which was rescinded on March 24, 2005, after the Defendant submitted two additional urine samples, on February 12, and 25, 2005, which tested positive for marijuana. The Defendant was then sentenced to the Bethel Work Release program for a period of up to one hundred twenty (120) days. The Defendant was discharged from the Bethel Work Release program on June 16, 2005, and subsequently, on December 9, 2005,

his urine sample tested positive for cocaine. A Warrant for the Defendant's arrest was issued and, on January 18, 2006, the Defendant was arrested.

Given that additional Supervised Release violation, the Defendant was sentenced, on March 10, 2006, to the Salvation Army Adult Rehabilitation Program, for chemical dependency treatment, which would extend for a period of five (5) to six (6) months. The Defendant was admitted to that program on March 13, 2006, but, unfortunately, he voluntarily checked out of that program on March 26, 2006, with his whereabouts unknown, until the time of his arrest on a Warrant issued on or about March 31, 2006.

## III. Discussion

Upon an alleged violation of the conditions of Supervised Release, the Defendant bears "[t]he burden of establishing that the person will not flee or pose a danger to any other person or to the community." Rule 32.1(a)(6), Federal Rules of Criminal Procedure. The Defendant must carry that burden by "clear and convincing

evidence."[2] Title 18 U.S.C. §3143(a). Here, the Defendant has failed to carry that burden.

As proffered by the Defendant, during the period of time when he was awaiting sentencing on his last violation of Supervised Release, his landlord was threatening both the Defendant, and the Defendant's girlfriend, with the destruction of their personal property. Apparently, the threats continued until the Defendant was sufficiently concerned that he voluntarily left the Salvation Army Adult Rehabilitation Program, after securing the agreement of that program's staff that he could return at some indefinite point in the future. Without explanation, however, the Defendant left that Program without leave of the District Court, or the permission of his Probation Officer. Indeed, the period of time that the Defendant enrolled in the Program was sufficiently short that, if the pressures of the landlord were that powerful, we would have thought the Defendant would have reported the same to the District Court, his Probation Officer, or his attorney, in order that official release could be solicited. He did not.

[2]Clear and convincing evidence is something more than proof by a preponderance of the evidence, but less than proof beyond a reasonable doubt. Addington v. Texas, 441 U.S. 418, 429 (1979).

We are not persuaded that extraneous forces compelled the Defendant to leave his rehabilitation program. His history on Supervised Release is dismaying, and he has demonstrated a propensity to do what he wants to do, when he wants to do it. We have no reason to believe that affording the Defendant a further opportunity to attend the Salvation Army Adult Rehabilitation Program, in lieu of his Pretrial Detention, would further any beneficial interest other than to afford the Defendant a further opportunity to elude his Probation Officer, and the terms and conditions of his Supervised Release. Accordingly, we grant the Government's informal Motion for Detention, commit the Defendant to the custody of the United States Marshal, and direct counsel to promptly contact the District Court for the purpose of scheduling a Final Revocation Hearing.

NOW, THEREFORE, It is --

ORDERED:

1. That the Government's informal Motion for Pretrial Detention is GRANTED, and counsel are DIRECTED to promptly contact the District Court for the purpose of scheduling a Final Revocation Hearing.

2. That the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to

the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. That the Defendant be afforded a reasonable opportunity for private consultation with defense counsel.

4. That, on the Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

BY THE COURT:

Dated: April 12, 2006

s/Raymond L. Erickson

Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE